UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JACOB J. BECKEL,**

    **Plaintiff,**

v.                                                     **Case No. 8:16-cv-2059-T-23AAS**

**FAGRON HOLDING USA, LLC,
JACOB G. JACKSON, FAGRON
NV, GER VAN JEVEREN, and JAN
PEETERS,**

    **Defendants.**
_____/

## ORDER

Jacob J. Beckel ("Beckel") seeks an order requiring Fagron NV ("Fagron") to produce another 30(b)(6) deponent and imposing sanctions for Fagron's failure to prepare its original 30(b)(6) deponent. (Doc. 110).

**I.    BACKGROUND**

Beckel sues Fagron Holding USA, LLC, Fagron NV ("Fagron"), Jacob G. Jackson, Ger van Jeveren ("van Jeveren"), and Jan Peeters for alleged misrepresentations and omissions made in connection with the execution of a Share Purchase Agreement for the sale of Beckel's company, AnazaoHealth Corporation. (Doc. 93).

After learning van Jeveren would serve as Fagron's designated corporate representative, Beckel noticed van Jeveren's deposition. (*See* Doc. 110, Ex. B). The deposition notice outlined eighteen topics. (*Id.*).

1

At the deposition, van Jeveren testified he was "totally unprepared." (Doc. 110, Ex. A, 89:11–13). Throughout the deposition, van Jeveren could not testify to many deposition topics and reiterated he had not reviewed the topics or prepared for the deposition other than a brief meeting with Fagron's counsel. (*Id.* at 100:16–18).

Beckel seeks an order requiring Fagron to produce a properly prepared 30(b)(6) deponent and requiring an award of attorney's fees and costs incurred by Beckel's counsel for preparation for and attendance at van Jeveren's deposition. (Doc. 110, pp. 9–10). In response, Fagron's counsel asserts they fulfilled their obligation to prepare van Jeveren for his deposition and van Jeveren testified adequately. (Doc. 115, pp. 8–10). Fagron also argues Beckel ignored the meet and confer requirements of Local Rule 3.01(g). (*Id.* at pp. 3–5). Beckel and Fagron both filed supplemental notices containing their respective positions on the adequacy of the 3.01(g) conference. (Docs. 116, 117).

## II. ANALYSIS

### A. Rule 30(b)(6) Topics and Testimony

Federal Rule of Civil Procedure 30(b)(6) governs deposition notices directed to an organization. Under this Rule:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each

> person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). A Rule 30(b)(6) deponent need not have personal knowledge of the topics in the deposition notice, but the entity must prepare the deponent to give adequate and binding answers for the entity. *Penn Mutual Life Ins. Co., v. Imperial Premium Finance*, LLC, No. 11-80818-MC-MARRA/JOHNSON, 2011 WL 13228574, *2 (S.D. Fla. Sept. 14, 2011) (citation omitted); *see also* Middle District Discovery (2015) at (II)(A)(4)(b), (e) ("An entity, association, or other organization responding to a deposition notice or subpoena should make a diligent inquiry to determine the individual(s) best suited to testify. Counsel for the entity should prepare the designated witness so that the witness can provide meaningful information about the designated area(s) of inquiry.").

Because the designated person represents the entity and his answers are binding, the entity's duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee. *Continental Casualty Co. v. First Financial Employee Leasing, Inc.*, 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) (citations and quotations omitted). The entity must prepare the designee "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Id.* (quotation omitted).

Van Jeveren's testimony demonstrated a lack of preparedness for several of the eighteen deposition topics. Topics one through three seek testimony about

Fagron's acquisition of AnazaoHealth, Bellevue Pharmacy, and Freedom Pharmaceuticals. (Doc. 110, Ex. B, pp. 2–3). Van Jeveren could testify to little information surrounding these acquisitions. (*See* Doc. 110, Ex. A, 14:24–15:3; 16:12–14; 161:1–6; 17:4–11; 123:12–24).

Topic seven seeks information about "[r]epresentations made during the Capital Markets Day held April 25, 2013." (Doc. 110, Ex. B, p. 3). Van Jeveren had no knowledge of Capital Markets Day and testified he did nothing to prepare for questions on the topic. (Doc. 110, Ex. A, 94:16-95:1); *see QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) (the corporate entity "must perform a reasonable inquiry for information that is reasonably available to it"). Topic eight seeks information about "[r]epresentations made in the referenced prospectus." (Doc. 110, Ex. B, p. 3). Van Jeveren testified he did not read the prospectus and knew nothing about it. (Doc. 110, Ex. A, 158:20–24).

Van Jeveren similarly was unprepared to testify about pricing, reimbursement, and co-pay structure related to compound pain creams maintained by Fagron (topic ten) and did not review Fagron's 2015 Annual Report or year-end financials. *(Id.* at 111:18–112:11, 154:21–155:3, 155:19–21; Doc. 112, Ex. C, 360:23–25). Van Jeveren either failed to read, or did not know of, the affidavit by FBI Special Agent Kevin Fiore (topic eleven), Fagron's counterclaim (topic seventeen), or Fagron's answer and affirmative defenses (topic eighteen). (*Id.* at 97:7–25; 99:1–12; 161:11–20, 167:1–14). Thus, Fagron must produce a properly prepared 30(b)(6) designee to

testify about deposition topics 1, 2, 3, 7, 8, 10, 11, 17, and 18.

Preparing a Rule 30(b)(6) designee, however, does not require preparation on every question on the noticed topics. *See Barn Light Elec. Co. v. Barnlight Originals, Inc.,* No. 8:14-cv-1955-MSS-AEP, 2016 WL 7155850, at *1 (M.D. Fla. Mar. 1, 2016) ("The fact that the designees were unable to answer certain, specific questions does not mean that [the corporate deponents] failed to produce knowledgeable, prepared, and competent corporate designees."). Other than general assertions of unpreparedness, Beckel offers no support for the argument van Jeveren did not adequately testify about these topics: the share purchase agreement (topic 4); representations and concealments made to Beckel prior to the execution of the share purchase agreement (topic 5); representations made during the December 11, 2014 conference call hosted by van Jeveren and Jake Jackson (topic 6); correspondence with any government agency regarding compound pain creams (topic 9); van Jeveren's resignation as managing director and CEO of Fagron (topic 13); and Jake Jackson's departure from Fagron (topic 14). Beckel has not explained why van Jeveren's testimony on these topics was incomplete or specified what meaningful information Beckel seeks on these topics. Thus, no further testimony is required for topics 4, 5, 6, 9, 13, and 14.

Rule 30(b)(6) imposes burdens on both the discovering party and the designating party. The party seeking discovery must describe the matters with reasonable particularity and the responding entity must produce a witness who can

5

testify about the noticed topics. *QBE Ins. Corp.*, 277 F.R.D. at 688. "When the responding party cannot identify the outer limits of the area of inquiry noticed, compliance is not feasible." Moore's Federal Practice § 30.25[2] (3d ed. 2018). The broad topics seeking testimony on all matters in Fagron's document production (topic 12), and all facts underlying Fagron's Rule 26 disclosures (topic 15) and Fagron's motion to dismiss (topic 16), lack the requisite particularity. No further testimony is required for topics 12, 15, and 16.

### B. Sanctions

Van Jeveren was unprepared to testify on behalf of Fagron for topics 1, 2, 3, 7, 8, 10, 11, 17, and 18. Fed. R. Civ. P. 37(d) permits the imposition of sanctions when a person designated under Rule 30(b)(6) is unprepared to testify in that capacity because "the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. So. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993) (upholding award of fees and costs against corporate party who produced corporate representatives lacking knowledge of the matters on which they were to testify); *see also Continental Cas. Co.*, 716 F. Supp. 2d at 1189 ("If the designated deponent cannot answer questions regarding the subject matter as to which he is designated, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions.").

Counsel declared he reviewed all deposition topics with van Jeveren to prepare for the deposition. (Doc. 115, Ex. A, p. 2). Counsel presented van Jeveren with five

6

binders containing 18,000 pages of documents pertinent to the noticed deposition topics. (*Id*. at pp. 2–3). Yet, van Jeveren testified he did not review the documents and was "totally unprepared" for the deposition. (Doc. 110, Ex. A, 89:11–13, 106:14–15, 108:3–10, 111:6–8). Consistent with the analysis above, Beckel demonstrated Fagron failed to provide a prepared corporate representative to testify adequately to nine of the eighteen designated topics. Thus, Fagron must reimburse Beckel's attorney's fees for 4.6 hours (half of the 9.11 hours of testimony) at a reasonable hourly rate. (Doc. 110, Exs. A, C). The time spent for preparing for and traveling to the deposition will not be awarded.

### III. CONCLUSION

Beckel's Motion for Sanctions Against Fagron NV for Failure to Comply with Federal Rule 30(b)(6) (Doc. 110) is **GRANTED IN PART AND DENIED IN PART**:

(1) By **February 14, 2019**, Fagron must produce a corporate representative prepared to testify about deposition topics 1, 2, 3, 7, 8, 10, 11, 17, and 18.

(2) Fagron must reimburse Beckel's reasonable attorney's fees and costs for 4.6 hours spent taking van Jeveren's deposition (half of the 9.11 hours of testimony). Each party will bear their own attorney's fees and costs for preparing for and traveling to van Jeveren's deposition.

(3) Beckel and Fagron must confer in good faith to stipulate to reasonable attorney's fees and costs awarded in paragraph 2. If Beckel and Fagron fail to stipulate, Beckel may submit a motion and attach affidavits and materials supporting

the reasonable amount sought.

**ORDERED** in Tampa, Florida on February 5, 2019.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge